**EXHIBIT A**

CAME TO HAND: 5-12-15
DELIVERED: 5-21-15
by: _____
SCH40757
Exp 1/31/17

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
4/9/2015

SAN LUIS OBISPO SUPERIOR COURT

K. Martin, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ARSTRAT, LLC; AND, DOES 1-20, INCLUSIVE,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CRYSTAL WISE,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA | CASE NUMBER:<br>*(Número del Caso):* 15LC-0215 |

County of San Luis Obispo, Civil Court Operations
1035 Palm Street, San Luis Obispo, CA 93408

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matthew M. Loker, Esq., 1303 E. Grand Ave., Ste. 101, Arroyo Grande, CA 93420 Tel: (800) 400-6808

DATE: 4/9/2015       /s/ Susan Matherly       Clerk, by _____, Deputy
*(Fecha)*             *(Secretario)*                          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number and address):
Matthew M. Loker, Esq. (SBN: 279939)
KAZEROUNI LAW GROUP, APC
1303 East Grand Ave., Ste. 101, Arroyo Grande, CA 93420
TELEPHONE NO: (800) 400-6808    FAX NO: (OPTIONAL) (800) 520-5523
E-MAIL ADDRESS (OPTIONAL)    ml@kazlg.com
ATTORNEY FOR: Plaintiff, Crystal Wise

**FILED**

4/9/2015

SAN LUIS OBISPO SUPERIOR COURT

K. Martin, Deputy Clerk

SUPERIOR COURT OF SAN LUIS OBISPO COUNTY
San Luis Obispo Branch, 1035 Palm Street, Rm 385, San Luis Obispo, CA 93408
Grover Beach Branch, 214 South 16th Street, Grover Beach, CA 93433 (HEARD AND FILED
SAN LUIS OBISPO EFFECTIVE 1/1/2012)
Paso Robles Branch,901 Park Street, Paso Robles, CA 93446
www.slocourts.net

Plaintiff:    Crystal Wise

Defendant:    Arstrat, LLC

STATEMENT OF VENUE
(LIMITED CIVIL)

CASE NO. 15LC-0215

The case must be assigned to a judge sitting in the branch court or the San Luis Obispo Courthouse at the locations as set forth below, based on a defendant's residence or principal place of business. If the defendant's residence or principal place of business is outside the County of San Luis Obispo, then the case must be assigned to a judge by using the principles set forth in sections 392 through 395 of the California Code of Civil Procedure.

Venue table:

| | |
|---|---|
| San Luis Obispo | San Luis Obispo, Avila Beach, Cayucos, Los Osos, Morro Bay, and unincorporated areas in between. |
| Grover Beach Branch | Grover Beach, Arroyo Grande, Nipomo, Oceano, Pismo Beach, and unincorporated areas south of the Ontario Grade. |
| Paso Robles Branch | Paso Robles, Atascadero, Cambria, Santa Margarita, Templeton, and unincorporated areas north of the Cuesta Grade. |

☐    The contract entered into or to be performed in this judicial district. The address where contract entered into or to be performed is:

1086 Trevor Way                                    San Luis Obispo, CA 93401
_____                    _____
Street                                            City, Zip Code

☐    At least one defendant resides in this judicial district. The address of the defendant is:

_____                    _____
Street                                            City, Zip Code

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct.

4/8/15
_____
DATE

_____
SIGNATURE OF DECLARANT

CV011
New 1/1/04
Rev. 3/2/12
Mandatory

STATEMENT OF VENUE
(LIMITED CIVIL)

CCP 392-395
Local Rule 9.27

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| Matthew M. Loker, Esq. (SBN 279939)<br>Kazerouni Law Group, APC<br>1303 East Grand Ave., Ste. 101, Arroyo Grande, CA 93420<br>Arroyo Grande, CA 93420<br>TELEPHONE NO.: (800) 400-6808    FAX NO.: (800) 520-5523<br>ATTORNEY FOR *(Name):* Plaintiff, Crystal Wise | **FILED**<br>4/9/2015<br><br>SAN LUIS OBISPO SUPERIOR COURT<br>K. Martin, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN LUIS OBISPO
STREET ADDRESS: 1035 Palm Street
MAILING ADDRESS: 1035 Palm Street
CITY AND ZIP CODE: San Luis Obispo, CA 93408
BRANCH NAME: Civil Court Operations

CASE NAME:
Wise v. Arstrat, LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 15LC-0215 |
|---|---|---|
| ☐ Unlimited (Amount demanded exceeds $25,000)   ☑ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☑ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):*  2 - RFDCPA; and, FDCPA
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 8, 2015
Matthew M. Loker, Esq.
_____
(TYPE OR PRINT NAME)                         ▶        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, *along with your first paper, the Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

**FILED**

4/9/2015

~~SAN LUIS~~ OBISPO SUPERIOR COURT

K. Martin, Deputy Clerk

**KAZEROUNI LAW GROUP, APC**
1 | Abbas Kazerounian, Esq. (SBN: 249203)
2 | ak@kazlg.com
Matthew M. Loker, Esq. (SBN: 279939)
3 | ml@kazlg.com
4 | 1303 East Grand Avenue, Suite 101
Arroyo Grande, CA 93420
5 | Telephone: (800) 400-6808
6 | Facsimile: (800) 520-5523

7 | **HYDE & SWIGART**
8 | Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
9 | 2221 Camino Del Rio South, Suite 101
10 | San Diego, CA 92108
Telephone: (619) 233-7770
11 | Facsimile: (619) 297-1022

12 |
13 | *Attorneys for Plaintiff,*
Crystal Wise

14 |
15 | **SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SAN LUIS OBISPO – CIVIL COURT OPERATIONS –**
16 | **LIMITED**

17 | **CRYSTAL WISE,**                  | **Case No.:**  15LC-0215
18 |                      Plaintiff,    | **COMPLAINT FOR DAMAGES**
19 |                 v.                  | **FOR VIOLATION OF:**
20 | **ARSTRAT, LLC; AND, DOES 1-**      | 1.) **THE FAIR DEBT**
21 | **20, INCLUSIVE,**                  |     **COLLECTION PRACTICES**
                                        |     **ACT, 15 U.S.C. §§ 1692, ET**
22 |                 Defendant.         |     **SEQ.; AND,**
23 |                                     | 2.) **THE ROSENTHAL FAIR**
                                        |     **DEBT COLLECTION**
24 |                                     |     **PRACTICES ACT, CAL. CIV.**
                                        |     **CODE §§ 1788, ET SEQ.**
25 |                                     |
                                        | **JURY TRIAL DEMANDED**
26 |
27 | ///
28 | ///

*(left margin, vertical text)* KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

**COMPLAINT FOR DAMAGES**

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

## INTRODUCTION

1. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

2. Plaintiff CRYSTAL WISE ("Plaintiff") through Plaintiff's attorneys, brings this lawsuit to challenge the actions of Defendant ARSTRAT, LLC ("Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to a Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

6. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

## JURISDICTION AND VENUE

7.  Jurisdiction of this Court is proper because the events leading to Plaintiff's causes of action in the County of San Luis Obispo and the State of California.

8.  This action arises out of Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788, et seq. ("RFDCPA"); and, the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA")

9.  Because Defendant conducts business within the State of California, personal jurisdiction is established.

10. Venue is proper.

## PARTIES

11. Plaintiff is a natural person who resides in the County of San Luis Obispo, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h). In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

12. Plaintiff is informed and believes, and thereon alleges, that Defendant is located in the State of Texas.

13. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and are therefore "debt collectors" as that term is defined by California Civil Code § 1788.2(c); and, 15 U.S.C. § 1692a(6).

14. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f);

COMPLAINT FOR DAMAGES

and, 15 U.S.C § 1692a(5).

15. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 20, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names, pursuant to the California Civil Procedure Code § 474. Plaintiff is informed and believes, and thereon alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third-party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff request that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

16. Plaintiff is informed and believes, and thereon alleges that at all times herein mentioned, Defendants DOES 1 through 20, were agents or employees of each of their co-defendants and, in doing the things hereafter mentioned, each was acting in the scope of his authority as such agent or employee and with the permission and consent of their co-defendants, and each of them.

## FACTUAL ALLEGATIONS

17. At all times relevant, Plaintiff is an individual residing within the State of California.

18. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California.

19. Sometime prior to 2014, Plaintiff allegedly incurred financial obligations to the original creditor that were money, property, or their equivalent, which are due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

20. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to whether or not this alleged debt was actually owed.

21. Following Plaintiff's alleged delinquency, the original creditor allegedly transferred, placed or assigned Plaintiff's alleged debt to Defendant for collection.

22. As a result of Plaintiff's alleged delinquency, Plaintiff has received both written and telephonic communications from Defendant attempting to collect Plaintiff's alleged debt. These letters and telephone calls constitute "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b); and, 15 U.S.C. § 1692a(6) and a "communication" as defined by 15 U.S.C. § 1692a(2).

23. On February 19, 2015, Plaintiff informed Defendant via certified mail that Plaintiff refused to pay Plaintiff's alleged debt alleged to be owed to Defendant.

24. Thereafter, Defendant received Plaintiff's refusal to pay letter at 4:55 p.m. on February 24, 2015.

25. Despite receiving Plaintiff's written request, Defendant sent yet another written communication attempting to collect Plaintiff's alleged debt on or about March 26, 2015. Such contact after a refusal to pay letter was received constitutes a violation of 15 U.S.C. § 1692c(c), which is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

///
///
///

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

### [AGAINST ALL DEFENDANTS]

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

28. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorneys fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

### COUNT II

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

### [AGAINST ALL DEFENDANTS]

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq.

31. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant

to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against each named Defendant individually;

- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named Defendant individually;

- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against each named Defendant individually;

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each named Defendant individually;

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against each named Defendant individually; and,

- Any and all other relief that this Court deems just and proper.

///
///
///
///
///
///
///
///

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

## TRIAL BY JURY

32. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: April 8, 2015

Respectfully submitted,

KAZEROUNI LAW GROUP, APC

By: *M. Joker*

MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

## PROOF OF SERVICE

UNITED STATES OF AMERICA )
)
STATE OF CALIFORNIA )
) ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is 5959 W. Century Boulevard, Los Angeles, California 90045.

On **June 22, 2015**, I served the foregoing document described as: **NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

### SEE ATTACHED SERVICE LIST

**[X]   (BY MAIL)**
        I sealed such envelope(s) and placed it (them) for collection and mailing on this dates following the ordinary business practices of Carlson & Messer LLP.  I am "readily familiar" with the business practices of Carlson & Messer LLP for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

**[]   VIA NEXT DAY FEDERAL EXPRESS**
        I delivered the above described documents in the above described envelopes to Federal Express for delivery via FedEx next business morning.

**[]   PERSONAL SERVICE BY HAND**- I personally served document to address stated on POS Service List.

{00033776;1}                                    4

1

2

[]    **BY FACSIMILE**- I transmitted via telecopier machine such document to the offices of the addressees.

3

4

[]    **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

5

6

**[X]**    **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

7

8

Executed this **22nd** day of **June, 2015** at Los Angeles, California.

9

_____

10

Christopher A. Bailey

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **SERVICE LIST**

2

**KAZEROUNIAN LAW GROUP, APC**
3   Abbas Kazerounian
4   Matthew Loker
    1303 East Grand Avenue
5   Suite 101
6   Arroyo Grande, California 93420

7

**HYDE & SWIGART**
8   Joshua Swigart
9   2221 Camino Del Rio South
    Suite 101
10  San Diego, California 92108

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

UNITED STATES OF AMERICA )
                          )
STATE OF CALIFORNIA       )
                          ) ss.
COUNTY OF LOS ANGELES     )

    I am employed in the County of Los Angeles, State of California.

    I am over the age of 18 and not a party to the within action; my business address is 5959 W. Century Boulevard, Los Angeles, California 90045.

    On **June 22, 2015**, I served the foregoing document described as: **NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

### SEE ATTACHED SERVICE LIST

**[X]**    **(BY MAIL)**
        I sealed such envelope(s) and placed it (them) for collection and mailing on this dates following the ordinary business practices of Carlson & Messer LLP.  I am "readily familiar" with the business practices of Carlson & Messer LLP for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

**[]**    **VIA NEXT DAY FEDERAL EXPRESS**
        I delivered the above described documents in the above described envelopes to Federal Express for delivery via FedEx next business morning.

**[]**    **PERSONAL SERVICE BY HAND**- I personally served document to address stated on POS Service List.

{00033776;1}

3

NOTICE OF REMOVAL

[]    **BY FACSIMILE**- I transmitted via telecopier machine such document to the offices of the addressees.

[]    **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]    **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed this **22nd** day of **June, 2015** at Los Angeles, California.

Christopher A. Bailey

1

## SERVICE LIST

2

3
**KAZEROUNIAN LAW GROUP, APC**
Abbas Kazerounian

4
Matthew Loker
1303 East Grand Avenue

5
Suite 101

6
Arroyo Grande, California 93420

7

8
**HYDE & SWIGART**
Joshua Swigart

9
2221 Camino Del Rio South
Suite 101

10
San Diego, California 92108

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

{00033776;1}

5